FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

2012 MAR 23  PM 3: 35

TIMOTHY M. O'BRIEN
CLERK

BY_____DEPUTY
AT KANSAS CITY, KS

Orange Meeks Jr,

)
)
)
)
)
(Enter above the full name of the Plaintiff(s)   )
)
vs.                                              )   Case Number: 12-CV-2177 JTM/JPO
)
Public Housing - Glandvill Towers                )
Name                                             )
915 Washington Ave.                              )
Street and number                                )
Kansas City  Kansas  66101                       )
City        State       Zip Code                 )

(Enter above the full name and address of the
Defendant in this action - list the name and
address of any additional defendants on the back
side of this sheet).

## CIVIL COMPLAINT

I.  Parties to this civil action:

(In item A below, place your name in the first blank and place your present address in the
second blank. Do the same for additional plaintiffs, if any, on the back side of this sheet).

A.  Name of plaintiff Orange Meeks Jr.
    Address 730 Nebradska Ave. # 503
    Kansas City, Kansas
    66101

1

(In item B below, write the full name of the defendant in the first blank. In the second blank, write the official position of the defendant. Use item C for the names and positions of any additional defendants).

B.    Defendant _Public Housing - Glenvill Towers Apts._    is

employed at _____

_____

C.    Additional Defendants _____

_____

_____

II.    Jurisdiction:

(Complete one or more of the following subparagraphs, A., B.1, B.2., or B.3., whichever is applicable.)

A.    (If Applicable) Diversity of citizenship and amount:

1.    Plaintiff is a citizen of the State of _Kansas_.

2.    The first-named defendant above is either

a.    a citizen of the State of _Kansas_; or

b.    a corporation incorporated under the laws of the State of _Kansas_ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

3.    The second-named defendant above is either

a.    a citizen of the State of _____; or

b.    a corporation incorporated under the laws of the State of _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

(If there are more than two defendants, set forth the foregoing information for

2

each additional defendant on a separate page and attach it to this complaint.)

Plaintiff states that the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

B.    (If applicable)  Jurisdiction founded on grounds other than diversity (Check any of the following which apply to this case).

_____ 1.    This case arises under the following section of the Constitution of the United States or statute of the United States (28 U.S.C. §1331): Constitution, Article_____, Section_____; Statute, US Code, Title_____, Section_____.

_____ 2.    This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. §1343).

_____ 3.    Other grounds (specify and state any statute which gives rise to such grounds):

_____

_____

_____

_____

III.    Statement of Claim:

(State here a short and plain statement of the claim showing that plaintiff is entitled to relief. State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s). Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph. Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s].)

I, Orange Muche h, have lived at Glandvill Towers Apts. for 14 years. Every Summer it Rains in My apt. I Starter having black out and ended in Intensive Care at K. U. Med., When I got out

3

I Noticed Black Mold on Closet walls, Bedroom walls, Ceiling Hanging down, For 12 years I addressed the ploblem to Public Housing. Nothing Was done about it at time I addressed the issue.

IV.  Relief:

(State briefly exactly what judgement or relief you want from the Court. Do not make legal arguments.)

I would like to be remburst for the loss of my Health, Job, Car, Finances.

V.  Do you claim the wrongs alleged in your complaint are continuing to occur at the present time?   Yes [✓] No [ ]

VI.  Do you claim actual damages for the acts alleged in your complaint?   Yes [✓] No [ ]

VII.  Do you claim punitive monetary damages? Yes [✓] No [ ]

If you answered yes, state the amounts claimed and the reasons you claim you are entitled to recover money damages.

I am asking for One half of a million Dollars, When I Showed the manager the wetness in Closet, bedroom, Ceiling, Over and Over again after rain has Come in My apartment, Nothing was done about it. This has been going On for 12 years!

4

VIII.  Administrative Procedures:

A.  Have the claims which you make in this civil action been presented through any
type of Administrative Procedure within any government agency? Yes [ ] No [✓]

B.  If you answered yes, give the date your claims were presented, how they
were presented, and the result of that procedure:

_____

_____

_____

C.  If you answered no, give the reasons, if any, why the claims made in this action
have not been presented through Administrative Procedures:

I have been So misled, I did
Not No where to go or What to
Do.

IX.  Related Litigation:

Please mark the statement that pertains to this case:

_____   This cause, or a substantially equivalent complaint, was previously filed in
this court as case number _____ and assigned to the
Honorable Judge _____.

✓   Neither this cause, nor a substantially equivalent complaint, previously
has been filed in this court, and therefore this case may be opened as an
original proceeding.

Orange Meeks Jr.
Signature of Plaintiff

Orange Meeks Jr.
Name (Print or Type)

730 Nebradska Ave. #503
Address

Kansas City, Kansas 66101
City      State      Zip Code

913 (233 - 0242 )
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates ( Wichita,   (Kansas City )  or     Topeka ), Kansas as the location for the
                                  (circle one location)
trial in this matter.

Orange Meeks Jr.
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury ( yes   or   no ).
                                  (circle one)

Orange Meeks Jr.
Signature of Plaintiff

Dated: 3-23-12
(Rev. 8/07)

6



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-2000

OFFICE OF FAIR HOUSING
AND EQUAL OPPORTUNITY

**MAR 0 5 2012**

Mr. Orange Meeks, Jr.
Apartment #503
730 Nebraska Avenue
Kansas City, KS 66101

        SUBJECT: Request for Reconsideration
        HUD Case Name: <u>Orange Meeks v. Housing</u>
                                   <u>Authority of Kansas City,</u>
                                   <u>Kansas, et al.</u>
        HUD Case Number:  07-11-0825-8

Dear Mr. Meeks:

This is in response to your January 31, 2012 letters requesting a reconsideration of the dismissal of your housing discrimination complaint you filed with the Department's Region VII Office of Fair Housing and Equal Opportunity (FHEO) in Kansas City, Kansas, pursuant to the Fair Housing Act (the Act), <u>Orange Meeks v. Housing Authority of Kansas City, Kansas</u>, HUD Case Number 07-11-0825-8. The Department dismissed your complaint with a Determination of No Reasonable Cause on December 9, 2011.

The Act provides no mechanism for appeals of No Reasonable Cause Determination. The Department's sole authority for reopening a complaint that was dismissed with a No Reasonable Cause Determination is a Notice that was published in the Federal Register on September 30, 1992 [Volume 57, Number 190, pages 45066-45067]. The Notice (copy enclosed) authorizes the Assistant Secretary for FHEO to reopen complaints for the purpose of reconsidering No Reasonable Cause Determinations issued by FHEO Field Offices.

The Headquarters FHEO Office of Enforcement, Enforcement Support Division is responsible for processing reconsideration requests. We will review the complete investigative record, and will reach a decision as to whether or not the complaint should be reopened. You will be notified in writing of the results of the reconsideration review.

As you have been advised previously, notwithstanding HUD's dismissal of this complaint, under Section 813(a) of the Act, you may file a civil lawsuit in an appropriate Federal district court or state court within two (2) years of the date on which the alleged discriminatory housing practice occurred or ended. The computation of the two-year period <u>does not</u> include the time during which the complaint was pending with HUD prior to December 9, 2011. The computation of time may however, <u>include</u> the time during which this reconsideration review is pending with HUD. In regard to a lawsuit, if, upon the application of either party, the court determines that the party is

financially unable to bear the costs of the civil lawsuit, the court may appoint an attorney, or may authorize the commencement of or continuation of the civil lawsuit without the payment of fees, costs, or security.

I hope this information is helpful.

Sincerely,

Turner Russell
Director
Enforcement Support Division

Dated: September 18, 1992.

James E. Schoenberger,

*Associate General Deputy, Assistant Secretary for Housing Federal Housing Commissioner.*

[FR Doc. 92–23818 Filed 9–29–92; 8:45 am]

BILLING CODE 4210–27–U

---

**Office of Fair Housing and Equal Opportunity**

[Docket No. D–92–1002, FR–3345–D–01]

**Amendment of Redelegation of Authority Under the Fair Housing Act**

**AGENCY:** Office of the Assistant Secretary for Fair Housing and Equal Opportunity, HUD.

**ACTION:** Notice of amendment of redelegation of authority.

**SUMMARY:** By this notice, the Assistant Secretary for Fair Housing and Equal Opportunity for the Department of Housing and Urban Development is amending a redelegation of authority published in the Federal Register on January 3, 1992, at 57 FR 296, which redelegated authority, initially redelegated from the General Counsel to the Assistant Secretary, to the Directors of the HUD Regional Offices for Fair Housing and Equal Opportunity (Regional Directors) to make determinations of no reasonable cause respecting fair housing complaints under 24 CFR 103.400. This amendment to the redelegation of authority published on January 3, 1992, clarifies that the Assistant Secretary for Fair Housing and Equal Opportunity is authorized to reopen for purposes of reconsideration determinations by the Regional Directors, as well as his or her own determinations of no reasonable cause.

**EFFECTIVE DATE:** September 21, 1992.

**FOR FURTHER INFORMATION CONTACT:** Roy J. Rodriquez, Office of Fair Housing and Equal Opportunity, Department of Housing and Urban Development, room 206, 451 Seventh Street, SW., Washington, DC 20410–2000, telephone: (202) 619–6041. (This is not a toll-free number.) A telecommunications device for hearing impaired persons (TDD) is available at 1–800–543–8294.

**SUPPLEMENTARY INFORMATION:** Part 103 f title 24 of the Code of Federal egulations contains HUD's regulations overning the processing of complaints / members of the public under the Fair ousing Act. Under 24 CFR 103.400, in ocessing complaints under the Act, the eneral Counsel of HUD was delegated thority to make determinations of 1ether or not reasonable cause exists believe that discrimination occurred.

The General Counsel redelegated the authority in 24 CFR 103.400 to make determinations of no reasonable cause concerning fair housing complaints to the Assistant Secretary for Fair Housing and Equal Opportunity in a revised rule published in the Federal Register on December 28, 1990, at 55 FR 53293.

Under a redelegation of authority published in the Federal Register on January 3, 1992, at 57 FR 296, the Assistant Secretary for Fair Housing and Equal Opportunity redelegated to the Regional Directors the authority to issue determinations of no reasonable cause in processing fair housing complaints and to carry out functions attendant to such determinations. This redelegation did not affect the authority of the General Counsel, or the authority redelegated in part of Regional Counsel. to make determinations under 24 CFR 103.400.

This amendment to the redelegation of authority published on January 3, 1992, at 57 FR 296, clarifies that the Assistant Secretary for Fair Housing and Equal Opportunity is authorized to reopen for purposes of reconsideration determinations by Regional Directors, as well as his or her own determinations of no reasonable cause.

If the Assistant Secretary for Fair Housing and Equal Opportunity reopens for purposes of reconsideration a no reasonable cause determination, the Assistant Secretary or his or her designee shall promptly notify all parties to the complaint.

In another notice published elsewhere in today's Federal Register, the General Counsel amends a redelegation of authority published in the Federal Register on January 25, 1991, at 56 FR 2931, which redelegated authority to Regional Counsel respecting fair housing complaints under 24 CFR 103.400, to clarify that the General Counsel is authorized to reopen for purposes of reconsideration determinations of no reasonable cause by Regional Counsel, as well as his or her own determinations of no reasonable cause.

Accordingly, the Assistant Secretary for Fair Housing and Equal Opportunity amends the redelegation of authority published on January 3, 1992, at 57 FR 296, to read as follows:

*Section A—Authority Redelegated*

The Assistant Secretary for Fair Housing and Equal Opportunity redelegates to the Directors of the HUD Regional Offices of Fair Housing and Equal Opportunity (Regional Directors) the authority under 24 CFR 103.400:

(1) To determine in processing fair housing complaints that no reasonable cause exists to believe that a

discriminatory housing practice has occurred or is about to occur;

(2) To carry out the following functions attendant to such a determination:

a. Issuing a short and plain written statement of the facts upon which the Regional Director has based the no reasonable case of determination.

b. Dismissing the complaint based on the no reasonable cause determination.

c. Notifying the aggrieved person and the respondent of the dismissal (including the written statement of facts) as required by 24 CFR 103.400(a)(1); and

d. Making public disclosure of the dismissal as described in 24 CFR 103.400(a)(1).

*Section B—Authority Excepted*

(1) The Assistant Secretary for Fair Housing and Equal Opportunity is authorized to reopen for purposes of reconsideration determinations of no reasonable cause by Regional Directors, as well as his or her own determinations of no reasonable cause.

(2) If the Assistant Secretary for Fair Housing and Equal Opportunity reopens for purposes of reconsideration any no reasonable cause determination, the Assistant Secretary or his or her designee shall promptly notify all parties to the complaint.

*Section C—No Further Redelegation*

The authority granted in Section A of this redelegation may not be further redelegated pursuant to this redelegation.

*Section D—Redelegation Revoked*

The redelegation of authority published in the Federal Register on January 3, 1992, at 57 FR 296 (Docket No. D–91–975; FR–3197–D–01) is revoked.

Authority: 42 U.S.C. 3600–3619; 42 U.S.C. 3535(d).

Dated: September 21, 1992.

Gordon H. Mansfield,

*Assistant Secretary for Fair Housing and Equal Opportunity.*

[FR Doc. 92–23827 Filed 9–29–92; 8:45 am]

BILLING CODE 4210–01–M

---

**Office of the General Counsel**

[Docket No. D–92–1001; FR–3344–D–01]

**Amendment of Redelegation of Authority Under the Fair Housing Act**

**AGENCY:** Office of the General Counsel, HUD.

**ACTION:** Notice of amendment of redelegation of authority.

**SUMMARY:** By this notice, the General Counsel for the Department of Housing and Urban Development is amending a redelegation of authority published in the Federal Register on January 25, 1991, at 56 FR 2931, which redelegated authority to Regional Counsel to make determinations respecting fair housing complaints under 24 CFR 103.400. This amendment clarifies that the General Counsel is authorized to reopen for purposes of reconsideration determinations of no reasonable cause Regional Counsel have made concerning fair housing complaints, as well as his or her own determinations of no reasonable cause.

**EFFECTIVE DATE:** September 21, 1992.

**FOR FURTHER INFORMATION CONTACT:** Harry L. Carey, Assistant General Counsel, Fair Housing Division, Office of the General Counsel, Department of Housing and Urban Development, room 9238, Washington, DC 20410. Telephone (202) 708–0570. (This is not a toll-free number.) The toll-free TDD Number for hearing impaired persons is 1–800–543–8294.

**SUPPLEMENTARY INFORMATION:** 24 CFR part 103 contains the Department's regulations governing the processing of complaints filed by members of the public under the Fair Housing Act. In a final rule published December 28, 1990, at 55 FR 53283, HUD revised 24 CFR 103.400(a) concerning determinations of whether there is or is not reasonable cause to believe that a discriminatory housing practice has occurred or is about to occur in connection with a complaint filed under the Fair Housing Act. Under the final rule, the Assistant Secretary for Fair Housing and Equal Opportunity refers to the General Counsel all complaints where the Assistant Secretary, based on the facts, believes that a discriminatory housing practice has occurred or is about to occur. All other cases will be dismissed by the Assistant Secretary under 24 CFR 103.400(a)(1). Where a referral is made, the General Counsel either: (1) Issues a reasonable cause determination and a charge (24 CFR 103.400(a)(2)(i)); (2) issues a no reasonable cause determination and a dismissal (24 CFR 103.400(a)(2)(ii)); or (3) refers the matter to the Department of Justice if the complaint involves the legality of a local zoning or land use law or ordinance (24 CFR 103.400(a)(3)).

Under a redelegation of authority published on January 25, 1991, at 56 FR 2931, the General Counsel redelegated to the Regional Counsel of the ten HUD regions the authority under 24 CFR 103.400, except authority concerning complaints involving complex facts or

novel issues of law or the legality of local zoning or land use laws or ordinances. In that redelegation of authority, the General Counsel redelegated concurrent authority to determine which complaints involve complex facts or novel issues of law or involve the legality of local zoning or land use laws to the Associate Counsel for Equal Opportunity and Administrative Law and to the Assistant General Counsel for Fair Housing.

This amendment to the redelegation of authority published on January 25, 1991, at 56 FR 2931, clarifies that the General Counsel is authorized to reopen for purposes of reconsideration Regional Counsel determinations of no reasonable cause. After such reconsideration, the General Counsel may affirm the Regional Counsel's determination that no reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, issue an independent determination that no reasonable cause exists, or issue a determination that reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur.

This amendment to the redelegation of authority also clarifies that the General Counsel may decide to reopen for purposes of reconsideration his or her own determinations of no reasonable cause.

If the General Counsel reopens for purposes of reconsideration a no reasonable cause determination, the General Counsel or his or her designee shall promptly notify all parties to the complaint.

In another notice published elsewhere in today's Federal Register, the Assistant Secretary for Fair Housing and Equal Opportunity is publishing an amendment to the redelegation of authority published on January 3, 1992, at 57 FR 296, in which the Assistant Secretary for Fair Housing and Equal Opportunity redelegated to the Directors of HUD Regional Offices for Fair Housing and Equal Opportunity the authority to make determinations of no reasonable cause. The amendment to the redelegation of authority clarifies that the Assistant Secretary for Fair Housing and Equal Opportunity is authorized to reopen for purposes of reconsideration determinations of no reasonable cause made by Directors of HUD Regional Offices for Fair Housing and Equal Opportunity, as well as his or her own determinations of no reasonable cause.

According, the General Counsel amends the redelegation of authority

published on January 25, 1991, at 56 FR 2931, to read as follows:

### Section A—Authority Delegated

(1) The General Counsel redelegates the authority under 24 CFR 103.400, except with regard to complaints found by the General Counsel to involve either complex facts or novel issues of law, or the legality of local zoning or land use laws or ordinances, to the ten Regional Counsel.

(2) The General Counsel redelegates the authority to determine which complaints involve complex facts or novel issues of law, or involve the legality of local zoning or land use laws to the Associate General Counsel for Equal Opportunity and Administrative Law and to the Assistant General Counsel for Fair Housing.

### Section B—Authority Excepted

(1) The General Counsel is authorized to reopen for purposes of reconsideration determinations made by Regional Counsel that no reasonable cause exists that a discriminatory housing practice has occurred or is about to occur. The General Counsel may, following reconsideration, affirm a determination that no reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, issue an independent determination that no reasonable cause exists, or issue a determination that reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur.

(2) The General Counsel may reopen for purposes of reconsideration his or her own determinations of no reasonable cause.

(3) If the General Counsel reopens for purposes of reconsideration a no reasonable cause determination, the General Counsel or his or her designee shall promptly notify all parties to the complaints.

### Section C—No Further Redelegation

The authority granted in section A of this redelegation may not be further redelegated pursuant to this redelegation.

### Section D—Redelegation Revoked

The redelegation of authority published in the Federal Register on January 25, 1991, at 56 FR 2931 (Docket No. D–91–941; FR–2969) is revoked.

Authority: 42 U.S.C. 3600–3619; 42 U.S.C. 3525(d).

No. 190



Wednesday
September 30, 1992

DEP. 0091A

OCT   2 1992

d States
mment
ng Office
NTENDENT
UMENTS
on, DC 20402

- BUSINESS
r private use, $300

****************5-DIGIT   20410

A  FR DEPT 4510 DS    091AF
DEPT OF HUD
LIBRARY - RM 8141
451 SEVENTH STREET SW
WASHINGTON    DC  20410

SECOND CLASS NEWSPAPER

Postage and Fees Paid
U.S. Government Printing Office
(ISSN 0097-6326)