IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORANGE MEEKS, JR.,

        Plaintiff,

        vs.                              Case No. 12-2177-JTM

KANSAS CITY KANSAS HOUSING
AUTHORITY,

        Defendant.

MEMORANDUM AND ORDER

Several motions are before the court in this action by *pro se* plaintiff Orange Meeks, Jr. Meeks states in his Complaint that he has found mold in his publicly-owned apartment, and "would like to be remburst [sic] for the loss of my health, job, car, finances" in the amount of $500,000. (Dkt. 1, at 4). The caption of the March 23, 2012 Complaint identifies the defendant as "Public Housing - Glandvill Towers." After court-directed service was issued to Glanville Towers Apartments, United States Department of Housing and Urban Development (HUD), HUD moved on April 20 to dismiss the action as failing to state a claim upon which relief could be granted, and on grounds of sovereign immunity. (Dkt. 10).

Meeks' April 23 Response to HUD's motion fails to respond to any of its legal arguments, merely reiterating that he has photographs of the mold. (Dkt. 13). On the same day, Meeks moved

for Clerk's Entry of Default Judgment (Dkt. 14) against Glanville Towers. The Clerk entered default as to Glanville Towers on April 25. (Dkt. 16).

Once it received notice of the Default Judgment, the Kansas City Kansas Housing Authority, KCKHA, which owns the apartments in question, promptly moved to file a responsive pleading out of time to set aside the Clerk's Entry of Default, and to dismiss the action. All of these motions stress the confusion created by the plaintiff's failure to clearly name the intended defendant in the action. The first two motions also stress KCKHA's prompt remedial action on learning of the case, and the absence of any prejudice to plaintiff, other than having to prove his claims on the merits. In addition, the Motion to Dismiss argues that the Complaint fails to state a claim for relief, and fails to allege any compliance with the state notice statute, K.S.A. § 12-105b(d).

Meeks has filed no response to any of KCKHA's pleadings. He has filed a pleading in which he requests a change of the defendant's name. The rationale for this requested relief is so short that it may be quoted in full:

> Why I want to Change There Name? I misspelled Kansas City Kansas Housing Authoritys Name on My Claim. Housing Authority, Kansas City Kansas said they Do not own Glandvile Towers, where I was injured.

(Dkt. 27). Meeks provides no response to any of the legal arguments advanced by KCKHA.

HUD does not challenge the proposed amendment, but stresses that as the Amended Complaint makes clear that Meeks is presenting claims only against KCKHA, the amendment would reach the same result as its motion — dismissal of HUD from the action.

HUD's Motion to Dismiss (Dkt. 10) is denied as moot; KCKHA's motion to dismiss (Dkt. 25) is denied without prejudice. Both for good cause shown and pursuant to D.Kan.R. 7.4, KCKHA's motions to file a responsive pleading out of time (Dkt. 18, 24) and set aside the entry of

default (Dkt. 21) are granted. The court grants Meeks' Motion to Amend his Complaint (Dkt. 27) to designate KCKHA as the defendant in the action. KCKHA shall have 20 days from the date of this Order to file a responsive pleading, including the filing of any renewed motion to dismiss. Pursuant to the amendment, HUD is dismissed from the action.

    IT IS SO ORDERED this 28th day of June, 2012.

                                          s/ J. Thomas Marten
                                          J. THOMAS MARTEN, JUDGE