IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Orange Meeks, Jr.,

        Plaintiff,

vs.                                   Case No. 12-2177-JTM

Kansas City Kansas Housing Authority,

        Defendant.

MEMORANDUM AND ORDER

On September 7, 2012, the court dismissed the last remaining claim of *pro se* plaintiff Orange Meeks, Jr., specifically the claim asserted against the Kansas City Kansas Housing Authority. Meeks subsequently moved for reconsideration of that decision. For the reasons stated herein, the motion will be denied.

Meeks does not address the basis for his requested relief. A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have

obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989).

A motion to reconsider under Fed.R.Civ.Pr. 60(b) may "only be granted in exceptional circumstances." *Davis v. Kansas Dep't of Corrections*, 507 F.3d 1246, 1248 (10th Cir. 2007). Such circumstances include (1) inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir.1983). Relief under Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the re-argument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument," since a Rule 60(b) motion is not a substitute for appeal. *Hilliard v. Dist. Ct. of Comanche County*, 100 F. App'x 816, 819 (10th Cir.2004) (internal quotations omitted). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482

(D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The plaintiff's Motion for Reconsideration fails to meet the standards of either Rule 59(e) or Rule 60(b). The court properly dismissed the action both for his failure to respond to KCKHA's Motion to Dismiss, and on the merits, that is, his failure to comply with the notice requirements of K.S.A. § 12-105(b). In his single page motion, Meeks writes only that this is his first court action, and "so I'm asking for another chance to prove my case and have a court date." (Dkt. 38, at 1). Meeks provides no justification at all for his failure to respond to the Motion to Dismiss in a timely fashion, and no response to the determination that his claim cannot survive under § 12-105(b).

IT IS ACCORDINGLY ORDERED this 13th day of November, 2012, that the plaintiff's Motion to Reconsider (Dkt. 38) is hereby denied.

    s/ J. Thomas Marten
    J. THOMAS MARTEN, JUDGE

3